IN THE UNITED STATES DISCTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| RALPH A. MANUEL )<br>)<br>**Plaintiff,** )<br>) Civil Action No. 3:20cv00914<br>vs. )<br>)<br>VALDA R. CROWDER, M.D. )   COMPLAINT<br>)<br>)<br>)<br>**Defendant.** ) | |

## COMPLAINT

Plaintiff Ralph Manuel ("Manuel") for his Complaint alleges as follows:

### NATURE OF THE CASE

This medical malpractice action seeking damages for personal injury arises from the health care provided by Valda Regina Crowder, M.D. ("Dr. Crowder") to Manuel on March 28, 2020 in her capacity as an emergency physician at VCU Health Community Memorial Hospital ("VCU CMH") in South Hill, Virginia.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. This District is a proper venue because a substantial part of the events or omissions giving rise to this action occurred in this District. 28 U.S.C. § 1391(a)(2).

1

## THE PARTIES

3. Manuel resides in Brunswick County, Virginia and is a citizen of the Commonwealth of Virginia.

4. Upon information and belief, Dr. Crowder resides in either Maryland or the District of Columbia and is either a citizen of the state of Maryland or the District of Columbia.

5. Upon information and belief, Dr. Crowder is not a citizen of the Commonwealth of Virginia.

## FACTUAL ALLEGATIONS

6. Manuel underwent cardiac surgery at Virginia Commonwealth University Medical Center, Richmond, Virginia ("VCU Medical Center") on March 19, 2020 to repair his mitral valve and replace his aortic valve.

7. In conjunction with the surgery, Manuel was administered heparin to anticoagulate his blood.

8. Prior to his discharge, the heparin was discontinued and Manuel was bridged to an oral anticoagulant warfarin.

9. On March 26, 2020, Manuel was discharged from VCU Medical Center with instructions to continue taking warfarin 5 mg, PO, daily.

10. Manuel presented to the VCU CMH Emergency Department at approximately 7:25 am on March 28, 2020 reporting pain and swelling in both lower extremities.

11. Dr. Crowder, on duty as an emergency physician in the VCU CMH Emergency Department, accepted Manuel as a patient and undertook to provide health care to him commencing at approximately 7:30 am on March 28, 2020.

12. According to Dr. Crowder's documentation of her March 28, 2020 encounter with Manuel,

> The patient [Manuel] presents with leg swelling in both legs. Both legs have become swollen over the past day but the right is more swollen than the left. Pt was recently discharged from VCU Richmond after CV surgery (Pt has one valve replaced and one valve repaired). Pt state yesterday not swelling in both legs with right being more affect. The right is also painful and began to develop a reddish spotty color. Pt denies any fever, shakes, or chills. He is SOB constantly and that has been unchanged. Pt denies any injury to either leg. Pt reports taking his medications as prescribed. The onset was 1 day ago. The course/duration of symptoms is constant. Location: Bilateral lower extremity. The character of symptoms is pain, swelling and redness. The degree at onset was minimal. The degree at present is moderate. Risk factors consist of coronary artery disease, obesity, recent surgery and age.

13. Laboratory studies performed at VCU CMH on the morning of March 28, 2020 showed Manuel's platelet count was 46,000 per microliter of blood (reference range 179,000-373,000 per microliter of blood).

14. On the morning of March 28, 2020 an ultrasound: duplex study of the lower extremity veins of Manuel was performed. According to the impression of the radiologist interpreting the study, the study showed superficial thrombophlebitis within the right great saphenous vein and no evidence for deep vein thrombosis ("DVT") within the bilateral lower extremities.

15. Dr. Crowder knew or should have known about the platelet count and the results of the ultrasound of the lower extremity veins prior to making her final diagnosis, formulating and implementing a treatment plan and discharging Manuel.

16. Dr. Crowder knew or should have known that Manuel was administered heparin in conjunction with his cardiac surgery prior to making her final diagnosis, formulating a treatment plan and discharging Manuel.

17. Dr. Crowder knew or should have known that Manuel had been bridged from heparin to warfarin post operatively as an inpatient at VCU Medical Center and was taking warfarin 5 mg, PO, daily since his March 26, 2020 VCU Medical Center discharge.

18. Dr. Crowder's diagnosis of the cause of Manuel's condition was DVT.

19. Dr. Crowder ordered warfarin 6 mg be administered to Manual and pursuant to such order, 6 mg warfarin was administered orally to Manuel at approximately 10:31 a.m.

20. Dr. Crowder prescribed for the use of Manuel and instructed Manuel to ingest 1 mg daily of warfarin in addition to the 5 mg, PO, daily he was ingesting post VCU Medical Center discharge.

21. Dr. Crowder's diagnosis of DVT was clearly erroneous in light of the evidence available to Dr. Crowder.

22. Dr. Crowder failed to consider and include in her differential diagnosis that Manuel was experiencing Heparin Induced Thrombocytopenia ("HIT"), an immunologic drug reaction characterized by paradoxical association with venous and arterial thrombosis.

23. Dr. Crowder failed to request a consultation from appropriate specialists whose area of specialty included the diagnosis and management of HIT and adverse reactions to heparin and warfarin.

24. Dr. Crowder failed to take action which would have resulted in Manuel being admitted to a hospital.

25. Manuel was suffering from HIT on the morning of March 28, 2020 when he was being assessed and treated by Dr. Crowder.

26. Appropriate treatment of Manuel's HIT included discontinuation of warfarin and reversal of the warfarin previously ingested by Manuel and still active in his body.

27. Dr. Crowder's administration of warfarin to Mr. Manuel, her increasing the dosage of and failure to discontinue Mr. Manuel's warfarin, her failure to consult with appropriate specialists and her failure to take action which would have resulted in Manuel being admitted to a hospital on March 28, 2020 caused Manuel to sustain irreversible injury from a complication of HIT known as Warfarin Induced Venous Limb Gangrene ("WIVLG").

28. Dr. Crowder discharged Manuel from the VCU CMH Emergency Department at approximately 11:03 am on March 28, 2020.

29. Manuel returned to the VCU CMH Emergency Department on March 31, 2020.

30. By the time Manuel presented to the VCU CMH Emergency Department on March 31, 2020, WIVLG had caused irreversible injury to his right lower extremity.

31. Manuel was transferred to VCU Medical Center and admitted on March 31, 2020.

32. While hospitalized at VCU Medical Center March 31-April 21, 2020, Manuel underwent surgeries to amputate below the knee his right lower extremity because of the damage caused by WIVLG.

33. Dr. Crowder owed Manuel the duty to exercise reasonable care and comply with the standard of care as set forth in the Code of Virginia § 8.01-581.20.

34. Dr. Crowder breached the standard of care and was negligent in her provision of health care to Manuel on March 28, 2020.

35. As a proximate and direct result of the negligence and breach of the standard of care by Dr. Crowder, Manuel suffered severe and serious injuries to his person, and has suffered and will continue to suffer great pain of body and mind.

36. As a proximate and direct result of the negligence and breach of the standard of care by Dr. Crowder, Manuel has incurred and will be compelled to incur in the future, expenses

for health care, has sustained loss of income and will sustain loss of income and diminishment of earning capacity in the future and has suffered and will suffer other damages.

## PRAYER FOR RELIEF

**WHEREFORE** plaintiff Manuel, by counsel, demands judgment, jointly and severally, against Dr. Crowder in the amount of Five Million Dollars ($5,000,000.00), his costs expended in this action and interest thereon from March 28, 2020.

## JURY DEMAND

Plaintiff Manuel demands trial by jury on all issues in this action so triable.

**RALPH A. MANUEL**

By: ___/s/ Thomas W. Williamson, Jr.___
Thomas W. Williamson, Jr.
VSB#: 15699
**Williamson Law LC**
3415 Floyd Avenue
Richmond, Va. 23221
Direct: 804 325 1123
Main: 804 288 1661
Fax: 804 282 1766
email: tw@wllc.com
*Counsel for the Plaintiff Ralph A. Manuel*